FILED

'00 SEP 15 AM 11:14

1  Richard D. Adams, OSB # 80448
   Myrick, Seagraves, Adams & Davis
2  600 NW Fifth Street
   Grants Pass, Oregon 97526
3  541-476-6627

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| BRENDA AXTELL,<br><br>    Plaintiff,<br><br>vs.<br><br>DANIEL O'CONNOR,<br>    Defendant. | Civil No. OO- 3098-AA<br><br>COMPLAINT |

**ALLEGATIONS**

1. Plaintiff is a citizen of Oregon. Defendant is a citizen of Washington. Federal jurisdiction exists by virtue of diversity of citizenship under 28 USC §1332(a)(1). At all material times Defendant was an attorney licensed to practice law in the State of Oregon. The amount in controversy exceeds $75,000.

Complaint - 1

*Myrick, Seagraves, Adams & Davis*
*Attorneys at Law*
*Six Hundred Northwest Fifth Street*
*Grants Pass, Oregon 97526-2024*



2. On or about March 6, 1995 real property located at 6378 Pioneer Road, Medford, Oregon, was owned by Roger S. Parker, Richard Parker, and Ruth J. Parker (hereafter "Parkers"). Parkers listed this property for sale with a licensed real estate sales business known as Realestaters/Better Homes and Gardens by and through agent Curt Brown. After Realtor Brown showed the property to Plaintiff she purchased the property from Parkers for the sum of $248,500. Both the realtor and Parkers misrepresented the condition of the property in several material ways. Plaintiff would not have purchased the property had she been truthfully informed of the condition of the property.

3. After taking possession of the property, Plaintiff discovered that the property had been misrepresented and thereafter hired Defendant for legal advice and representation concerning the harm done her by the realtor and Parkers.

4. Defendant filed a lawsuit against Parkers in Jackson County Circuit Court on behalf of Plaintiff seeking recission of the purchase as well as restitution of the price paid by Plaintiff to Parkers. Defendant failed to bring an additional claim for fraud and misrepresentation against Parkers, Realestaters or Realtor Brown and if he had done so a jury would have awarded Plaintiff money damages as an alternative to rescission.

5. On motion of Richard and Ruth Parker, the Jackson County Circuit Court dismissed them from the recission lawsuit. Defendant had reason to know that Roger Parker was likely to declare personal bankruptcy thus making any money judgment against him of little or no value. Defendant should have appealed the dismissal and if he had done so such an appeal would have been successful and Richard and Ruth Parker would have remained subject to Plaintiff's lawsuit and later financially responsible for Plaintiff's judgment.

6. After trial, the Jackson County Circuit Court found that Roger Parker had negligently misrepresented the condition of the property. The Court ordered recission of the contract and awarded restitution to plaintiff. Defendant then prepared a form of judgment which rescinded the contract and gave judgment to Plaintiff against Roger Parker only for $248,500.00 plus interest at

*Myrick, Seagraves, Adams & Davis*
*Attorneys at Law*
*Six Hundred Northwest Fifth Street*
*Grants Pass, Oregon 97526-2024*

Complaint - 2

9% from March 10, 1995 until paid. The judgment prepared by Defendant failed to properly order a procedure by which Roger Parker would have a reasonable period of time in which to pay the restitution sum ordered in exchange for a deed of reconveyance from Plaintiff, or, in the alternative, a procedure providing for sale of the property for the benefit of Plaintiff's restitution judgment with insurable title passing to the purchaser.

7. Following the entry of this judgment, Plaintiff was able to collect from Roger Parker by writ of garnishment a small portion of her awarded restitution judgment in an amount presently unknown and to be ascertained in discovery so that an appropriate credit can be given. Any or all of these funds are being held in Defendant's trust account. Thereafter, Roger Parker declared bankruptcy and the balance of the money judgment owed by him was discharged.

8. Had Defendant made a claim also against Realestaters and Realtor Brown these claims would have been successful and Plaintiff would have obtained a judgment against them as well as against Parkers. Realestaters' insurance company would have paid that judgment. Alternatively, before trial Realestater's insurance company would have made a reasonable settlement offer which settlement offer Plaintiff would have accepted in partial payment of her loss.

9. Because the Defendant failed to make a claim against Realestaters and realtor Brown, Plaintiff lost the benefit of that potential claim for relief and the reasonable settlement value of that claim.

10. Because Defendant failed to appeal the dismissal of Roger and Ruth Parker from the lawsuit, Plaintiff also lost the benefit of collecting her judgment of restitution from Roger and Ruth Parker. Such collection would have been successful.

11. The improper form of judgment prepared by Defendant clouded title to the rescinded property, requiring Plaintiff to hire another lawyer in order to perform additional legal services for her to correct the problem to her additional money damage in the sum of $3,557.00.

/ / /

/ / /

Myrick, Seagraves, Adams & Davis
Attorneys at Law
Six Hundred Northwest Fifth Street
Grants Pass, Oregon 97526-2024

Complaint - 3

12. Defendant is entitled to a credit in the sum of $160,000 which is the amount in which Plaintiff was able to purchase the subject property at a sheriff's sale after Defendant's defective judgment was corrected.

13. Defendant was negligent and breeched his duty of care owing to Plaintiff. in one or more of the following particulars:

    a. In failing to bring suit against the listing and selling realtor and in failing to properly advise Plaintiff in this regard.

    b. In failing to bring suit for common law misrepresentation.

    c. In failing to appeal the judgment which dismissed Richard Parker and Ruth Parker and failing to properly advise Plaintiff in this regard.

    d. In failing to properly prepare the form of recission judgment awarded to Plaintiff.

As a direct and proximate result of the Defendant's negligence, the Plaintiff has sustained economic damages as follows:

    a. $88,500.00 plus interest from March 10, 1995 until paid.

    b. An unspecified amount for the lost settlement value of a potential claim against Realestaters and Realtor Brown.

    c. $3,557.00 for the cost of hiring a different lawyer in order to clear the title to her property.

WHEREFORE, Plaintiff prays for a judgment in the sum of $88,500.00 plus interest from March 10, 1995 until paid, an unspecified amount for the lost settlement value of the potential claim lost, and $3,557.00 for the cost of hiring a different lawyer in order to clear the title to her property, and for her costs and disbursements incurred herein.

DATE: 9/15/00

RICHARD D. ADAMS, OSB #80448
Of Attorneys for Plaintiff

*Myrick, Seagraves, Adams & Davis*
*Attorneys at Law*
*Six Hundred Northwest Fifth Street*
*Grants Pass, Oregon 97526-2024*

Complaint - 4